**SOLERA CONSTRUCTION COMPANY, et al., Plaintiffs,**

v.

**BENSON INDUSTRIES et al., Defendants.**

No. 07 CIV. 0518.

United States District Court, S.D. New York.

June 15, 2007.

Anthony J. Costantini, Duane Morris, LLP, New York, NY, Brian Joseph Damiano, Duane Morris, LLP, New York, NY, for Defendants.

---

## *DECISION AND ORDER*

MARRERO, District Judge.

Plaintiffs Solera Construction Co., DCM Erectors, Inc. and Solera Construction Co./ DCM Erectors Inc. (collectively, "Solera/DCM") brought this action against defendants Benson Industries, Inc. and Benson Industries USA (collectively, "Benson"), asserting claims of breach of contract, unjust enrichment and quantum meruit. The dispute relates to an alleged subcontract (the "Subcontract") among the parties involving the design, construction and maintenance of the exterior wall and cladding of the new building for the New York Times Company (the "Project") in Manhattan.

Solera/DCM alleges that on or about April 30, 2004 it received the proposed Subcontract drafted and executed by Benson containing all of the material terms of the parties' agreement. Solera/DCM further asserts that it accepted the Subcontract with some minor amendments, that it continued to work pursuant to the Subcontract and that Benson accepted that work until May 25, 2005, when Benson informed Solera/DCM that it was not proceeding with Solera/DCM to work on the Project. Benson's alleged termination of the Subcontract forms the basis for Solera/DCM's breach of contract claim.

In response, Benson moves pursuit to Federal Rule of Civil Procedure 12(b)(6) to dismiss the breach of contract cause of action for failure to state a claim, and for a more definite statement of a Solera/DCM's other claims. Benson challenges Solera/DCM's characterization of the modifications of the proposed Subcontract as "minor," claiming that in fact they were transmitted to Benson on November 18, 2004 with a cover letter referring to the document as a draft contract. Benson contends that Solera/DCM's various deletions, exclusions and other changes materially altered the scope of the Project, as well as other principal terms and conditions and price of the work provided for in the Benson's draft agreement, and thus that Solera/DCM's action constitutes a rejection of the proposed Subcontract and an offer of a counter-proposal. In support of its motion, Benson puts before the Court a copy of the Subcontract and several other documents and correspondence outside of the pleadings.

In an effort to avert undue motion practice in this case, upon Benson's initial filing of a motion for a more definite statement, the Court scheduled a conference with the parties and directed Solera/DCM to provide Benson with the requested information by a date certain. A subsequent exchange of cor-

respondence between the parties failed to resolve the dispute, prompting yet another conference with the Court, followed by the instant motion.

Rather than ruling on Benson's Rule 12(b)(6) motion, in view of the material Benson has submitted which the Court cannot properly consider at the pleading stage of this litigation, the Court, pursuant to Rule 12(b), will treat the motion as one for summary judgment pursuant to Rule 56. The Court finds that the merits of the parties' dispute would be more appropriately resolved on the basis of a fuller evidentiary record.

Accordingly, the parties are directed to confer and propose to the Court by June 22, 2007 a timetable for preparation of appropriate discovery and schedule for submission of all material pertinent such a Rule 56 motion.

**SO ORDERED.**